IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIK BROTHERS, INC.,

    Plaintiff,                                        08cv1756
                                                    **ELECTRONICALLY FILED**

    v.

KIEBLER SLIPPERY ROCK, LLC,

    Defendant.

## MEMORANDUM OPINION

**Introduction.**

Before the Court are plaintiff Martik Brothers, Inc.'s ("Martik's") Petition to Confirm an Arbitration Award (doc. no. 1-2), and defendant Kiebler Slippery Rock, LLC's ("Kiebler's") Motion to Vacate or in the Alternative to Modify Arbitration Award (doc. no. 10). After careful consideration of the petition to confirm and answer thereto, the motion to vacate, the memorandum of law in support and opposition to the motion to vacate and the respective supporting materials, the Court will grant the petition to confirm, and will deny the motion to vacate.

**Petition to Confirm Award Removed to Federal Court.**

On November 7, 2008, following two days of hearings on August 22 and October 22, 2008, a three member panel of AAA arbitrators issued a unanimous Award of Arbitration for Martik against Kiebler in an amount in excess of $2.1 million as the unpaid balance due Martik pursuant to two contracts for construction of buildings and site work at the Slippery Rock Quadrangle near Slippery Rock, Pennsylvania, plus interest, penalties and attorneys fees and costs. The arbitration was conducted pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association.

Martik, a Pennsylvania corporation with principal place of business in Pennsylvania, filed its petition to confirm an arbitration award in the Court of Common Pleas of Washington County pursuant to the Pennsylvania common law arbitration statute, 42 Pa.C.S. § 7342(b), which provides for confirmation of an arbitration award after 30 days in the absence of objection by the non-prevailing party. On December 30, 2008, Kiebler, an Ohio corporation with principal place of business in Ohio, filed a Notice of Removal of the petition to confirm claiming diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331, pursuant to 28 U.S.C. § 1441(a). Kiebler claims federal question jurisdiction under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., because the two contracts involved interstate commerce, triggering the FAA.

**Motion to Vacate or Modify.**

**Threshold Issue.**

Initially, Martik argues that the motion to vacate is untimely under the Pennsylvania Uniform Arbitration Act, because Kiebler filed no objections within 30 days as required thereby, 42 Pa.C.S. § 7342(b), and that this is not an FAA case because the construction contracts at issue do not "involve commerce."[1] "Commerce" is defined by the FAA, insofar as relevant to this case, as "commerce among the several States . . . ." 9 U.S.C. § 1. If the Court agrees with

---

[1] Section 2 of the FAA provides, in relevant part:
　　A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

2

Kiebler that the arbitration agreements involve interstate commerce and that, therefore, the FAA applies, Kiebler's motion to vacate is timely. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

The agreements to arbitrate in this case do not specify whether the Pennsylvania or the Federal arbitration act applies. Under the FAA, the word commerce is construed as conferring the "broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 53 (2003), citing *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-274 (1995). The Court agrees with Kiebler that the construction contracts between an Ohio and a Pennsylvania company for construction of buildings in Pennsylvania are contracts "involving commerce." See *Monte v. Southern Delaware County Auth.*, 321 F.2d 870 (3d Cir. 1963) (construction contract for a large project may be found to involve commerce and fall within the scope of the FAA even if the project contemplated by the contract is located entirely within one state, since the presence of other interstate elements in the performance of the contract such as delivery of materials traveling in interstate commerce, satisfies the jurisdictional prerequisite). Accordingly, the FAA applies, and Kiebler's motion to vacate is timely.

**Grounds for Vacating or Modifying Arbitration Award.**

Section 10 of the FAA sets forth the grounds for vacating an arbitration award as follows:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or

either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.[2]

Additionally, an arbitration award may be modified or corrected where (a) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" (b) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;" or (c) "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

Kiebler's motion to vacate or modify argues that the award should be vacated because the arbitrators were guilty of misconduct in refusing to postpone the hearing to allow him to obtain counsel after he informed the panel the day before the scheduled hearing that he was no longer represented by former counsel, and because there was "evident partiality" on the part of one arbitrator, based on Kiebler's allegations that the arbitrator had a personal relationship with one of Martik's attorneys. Kiebler also seeks modification or correction of the award on the basis of

---

[2] The United States Supreme Court recently explained that the statutory grounds are exclusive, rejecting the widely held judicial view that another ground was implicit in the FAA, namely, where the arbitration award was made in "manifest disregard of the law." *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, ___ U.S. ___, 128 S.Ct. 1396, 1404 (2008).

4

an evident material miscalculation in that the arbitrators failed to account for certain off-sets due it under the contracts relating to shared cost savings for the project, mechanics liens and other items.

**Refusal to Grant Kiebler's Request for Continuance.**

Kiebler vigorously advances its claim that the award should be vacated pursuant to 9 U.S.C. § 10(a)(3) because the arbitration panel refused its request to continue the hearing to obtain counsel, having advised the panel the day before the hearing was to commence that its former attorneys had withdrawn. Considering all of the circumstances and the supporting materials filed by the parties, the Court finds that Kiebler has not met its burden, see, e.g., *Lebeau v. Oppenheimer Co., Inc.*, 2006 WL 1737379, at *2 (E.D. Pa. 2006) ("party moving to vacate an arbitration award bears the burden of proof"), of showing that there was sufficient cause for a postponement and that the refusal of the panel to continue the hearing did not evidence "misconduct," but instead was within the discretion of the arbitrators.

The hearings had been rescheduled for October 21 and 22, 2008, the agreed upon back-up dates, at the request of Kiebler's former counsel. Other delays attributable to Kiebler or its counsel pushed the hearings to the back-up dates. Martik was advised on October 17, 2008, without explanation, that former counsel had withdrawn from its representation. Kiebler did not offer any reason for counsel's withdrawing when Kiebler's in-house counsel requested the panel to postpone the hearings on the afternoon of October 21, 2008. The question is not whether a reviewing court might have granted a continuance but whether, under all of the circumstances, the arbitrators abused their discretion in refusing to do so; this Court finds that there was no abuse of discretion in this case.

**Evident Partiality**.

"In order to show 'evident partiality,' 'the challenging party must show "a reasonable person would have to conclude that the arbitrator was partial" to the other party in the arbitration.'" *Bender v. Smith Barney, Harris, Upsham & Co., Inc.*, 901 F.Supp. 863, 867 (D.N.J. 1994), *aff'd*, 67 F.3d 291 (3d Cir. 1995) (citing *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1523 n. 30 (3d Cir. 1994). The burden is on the challenging party to show an underlying conflict such as a substantial business relationship between an arbitrator and a party to the litigation. *Id*. at 868.

Kiebler alleges there was a "long personal and professional relationship" between one of the three arbitrators and one of the attorneys for Martik, based upon Paul Kiebler's overhearing conversations between the arbitrator and the lawyer for Martik "regarding numerous shared social experiences, including travel and golf, as well as conversation about family members with whom the other was clearly familiar." Brief in Support of Motion to Vacate (doc. no. 10) at 7. Paul Kiebler's affidavit states that he overheard "numerous discussions" of a social nature, including joint vacations, golf and other sporting events that the arbitrator and the attorney both attended. Kiebler Affidavit, (doc. no. 10-7) A reasonable person would not "have to conclude," from this description of casual conversations overheard, that the arbitrator was partial to Kiebler.

Moreover, the lawyer for Martik has filed an affidavit indicating he had and has no personal, social or professional relationship with the arbitrator, that he had no ex parte communications with the arbitrator, and that he had simply engaged in polite and casual conversation with the arbitrator during the hearings about golf and travel. Brief in Opposition to Motion to Vacate, Bonatto Affidavit (doc. no. 16-10). Such casual conversation does not rise to

the level of "evident partiality."

Further, the three member panel was unanimous in its award, and Kiebler cannot establish any prejudice from any alleged bias on the part of one member of a unanimous panel. See *Lummus Global Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F.Supp.2d 594, 628 (S.D.Tex. 2002).

**Evident material miscalculation in award.**

Finally, Kiebler asserts that the arbitration award failed to provide offsets for shared cost savings built into the construction contracts to which Kiebler is entitled to credit, and certain subcontractors' mechanics liens still existing on Kiebler's property, and that this amounts to an "evident material miscalculation" under 9 U.S.C. § 11(a). The panel considered audit evidence regarding these claimed offsets and decided the issue against Kiebler, based upon its interpretation of the contracts.

Kiebler "has done nothing more than allege facts which would allow [the Court] to disagree with the arbitrator[s'] decision." See *McLaughlin, Piven, Vogel, Inc. v. Gross*, 699 F.Supp. 55, 58 (E.D.Pa. 1988). But findings of fact and inferences to be drawn therefrom are the exclusive province of the arbitrator. See *Exxon Shipping Co. v. Exxon Seamen's Union*, 73 F.3d 1287, 1297 (3d Cir. 1996) (citation omitted). The Court finds that Kiebler has not met its burden of showing that there was any evident miscalculation in its award.

For the foregoing reasons, the Court will deny Kiebler's Motion to Vacate or in the Alternative to Modify Arbitration Award (doc. no. 10).

**Petition to Confirm Arbitration Award.**

Absent a statutory basis for vacating the award, an arbitration award is considered proper and the Court must grant a motion to confirm the arbitration award. 9 U.S.C. § 9 (stating that upon proper application for confirmation order, the court must grant the order unless the award is vacated, modified, or corrected, in accordance with the FAA). See *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, ___ U.S. ___, 128 S.Ct. 1396, 1405 (2008) (Under the FAA, the Court, "[o]n an application for an order confirming [an] arbitration award . . . 'must grant' the order 'unless the award is vacated, modified, or prescribed in sections 10 and 11 of this title.'"). Accordingly, the Court will grant Martik's petition to confirm an arbitration award.

Martik's request for attorney's fees from the district court litigation (not made in a separate motion for attorney's fees, but mentioned in its Brief in Opposition) will be denied.

An appropriate Order will be entered.


                                                            s/ Arthur J. Schwab
                                                            Arthur J. Schwab
DATED: April 20, 2009                                       United States District Judge


cc:     All Registered ECF Counsel and Parties