IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIK BROTHERS, INC.,
    Plaintiff

    v.

KIEBLER SLIPPERY ROCK, LLC,
    Defendant
    v.

THE HUNTINGTON NATIONAL BANK ,
    Garnishee

08cv1756
**ELECTRONICALLY FILED**

**MEMORANDUM IN SUPPORT OF ORDER OF COURT
ENTERED IN OPEN COURT ON SEPTEMBER 28, 2009
RE: JOINT MOTION TO STAY (DOC. NO. 60)**

On August 27, 2009, this Court entered an Order (Doc. No. 53) denying The Huntington National Bank's ("HNB's") Motion to Stay Execution of the Garnishment Action and to Determine that HNB has Priority in the Deposit Accounts, which HNB and Defendant Kiebler Slippery Rock, LLC ("Kiebler") have timely appealed. Joint Notice of Appeal (Doc. No. 59). Defendant Kiebler and garnishee HNB[1] have filed a Joint Motion for Stay Pending Appeal (Doc. No. 60) pursuant to Fed.R.Civ.P. 62(d), which requests this Court to stay execution of its final Order of August 27, 2009, and to waive the posting of security required by Rule 62(d). Subject to certain exceptions not applicable to this case, Rule 62(d) provides as follows:

---

[1] Unlike the typical garnishee, HNB is not merely a passive holder of an account that Martik seeks to garnish. To the contrary, HNB was the primary lender of funds to Kiebler for the development of a project known as the "Slippery Rock Quadrangle" located in Slippery Rock Township, Butler County, including the construction of the Ivy Apartments. HNB was the defendant and third-party plaintiff in the related case in this Court at Civil Action No. 08-83, wherein this Court ruled in HNB's favor on its motion for summary judgment. See Doc. No. 57 at Civil Action No. 08-83, Memorandum Opinion Granting Motion for Summary Judgment (Doc. No. 39). Martik has appealed from the Order (Doc. No. 58 at Civil Action No. 08-83) granting summary judgment in favor of HNB.

(d) Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . .  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Following consideration of the Joint Motion for Stay, the response by plaintiff Martik Brothers, Inc., ("Martik"), and the memoranda of law in support and in opposition, and after oral argument on September 28, 2009, this Court denied the Joint Motion for Stay on the record in open court, finding that HNB[2] had not met its burden of proving it was entitled to a stay without bond.  (Because Rule 62(d) contemplates appellant's posting of a supersedeas bond in order to obtain a stay of execution on a money judgment pending appeal, the burden is on the appellant to demonstrate good and sufficient reasons for departure from the usual requirement of a full security supersedeas bond.  See *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979); *Avirgan v. Hull*, 125 F.R.D. 185 (S.D. Fla. 1989)).

As stated more fully on the record, and as supported by the deposition testimony of Mr. Chris Hulton,[3] Martik Response in Opposition to Joint Motion at ¶¶ 5-13, the Court finds that appellants - movants do not have a reasonable likelihood of success on the merits of their appeal,[4] have not shown that they will be irreparably harmed by execution of the monetary

---

[2] Kiebler had filed a Notice of Bankruptcy and the proceedings have been stayed as to Kiebler only.  See Order at Doc. No. 72.

[3] Mr. Hulton was designated by Paul Kiebler as the person having the most knowledge about the finances of The Ivy Apartments, the subject of the underlying disputes which is managed by Apollo Property Management LLC ("Apollo"), an entity in which Paul Kiebler's ownership interest is eighty-five percent.  Mr. Hulton is the Controller and Chief Financial Officer for Apollo, as well as the Controller for Kiebler.

[4] The Court previously considered and rejected HNB's and Kiebler's arguments to dismiss the Writ of Execution.  See Order at Doc. No. 43 denying Joint Motion to Stay Execution of the Garnishment Action and to Determine that HNB has Priority in the Deposit Accounts at

judgment, and have not demonstrated that substantial harm to other parties will occur or that the public interest would be best served by denying the stay.  See *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

      For the foregoing reasons, the Court has denied the Joint Motion to Stay. (Order docketed at ECF entry dated September 29, 2009).

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:  all counsel of record

---

Doc. No. 36.