IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIK BROTHERS, INC.,
    Plaintiff

    v.

08cv1756
**ELECTRONICALLY FILED**

KIEBLER SLIPPERY ROCK, LLC,
    Defendant
    v.

THE HUNTINGTON NATIONAL BANK ,
    Garnishee

### ORDER OF COURT RE: MARTIK BROTHERS, INC.'S MOTION TO STRIKE (DOC. NO. 104) THE HUNTINGTON NATIONAL BANK'S PRELIMINARY OBJECTIONS (DOC. NO. 99) TO THE WRIT OF EXECUTION OF MARTIK BROTHERS, INC.

After careful consideration of Garnishee Huntington National Bank's ("HNB's") Preliminary Objections to the Writ of Execution (Doc. No. 99), plaintiff Martik Brothers, Inc.'s Motion To Strike said Preliminary Objections (Doc. No. 104), and HNB's response thereto (Doc. No. 105), the Court will deny the preliminary objections and grant the motion to strike.

HNB's preliminary objections assert that it was never properly served with the "reissued" Writ of Execution that was reinstated by Order of Court (Doc. No. 41) dated July 20, 2009. There is no doubt that HNB was *actually* served with the original and the reissued Writs of Execution, as evidenced by HNB's active participation in these proceedings as early as July 9, 2009, when HNB and Kiebler Slippery Rock, LLC, filed a Joint Expedited Motion to Dismiss Writ of Execution (Doc. No. 36).  Nevertheless, HNB now argues that service of the Writs was defective under the federal and Pennsylvania rules of procedure regarding service (specifically, Fed.R.Civ.P. Rule 69(a)(1) and Pa.R.Civ.P. Rules 3112 and 3113).

The Court agrees with Martik that, whatever merit HNB's defective service argument

may have (if any), its "eve-of-trial"[1] preliminary objections are quite untimely and have been waived by HNB's active participation in these proceedings for well over three months. Assuming, for the sake of argument only, that HNB's preliminary objections were timely, they are highly technical and are without merit.

On June 25, 2009, this Court specifically authorized service of the original Writ of Execution by a private process server, in accordance with Fed.R.Civ.P. 4(c). On July 9, 2009, HNB and Kiebler Slippery Rock, LLC, filed a Joint Expedited Motion to Dismiss Writ of Execution (Doc. No. 36), which motion did not challenge service of the Writ. On July 10, 2009, this Court entered an Order (Doc. No. 38) dismissing said Writ, but because that Order had been "incorrectly entered," this Court entered an Order of Court (Doc. No. 41) on July 20, 2009, setting aside the Order dismissing the original Writ.

The Order of July 20, 2009 reinstating the Writ was electronically served that day, pursuant to this Court's Local Rules of Civil Procedure, LCvR 5.6, on counsel for the garnishee, HNB, who had filed a motion to appear pro hac vice (Doc. No. 35) on July 9, 2009 along with the joint expedited motion to dismiss the Writ.[2] The Court finds that there has been substantial, if not literal, compliance with the federal and Pennsylvania rules of civil procedure regarding service of a Writ of Execution.

---

[1] A hearing on Martik's motion for an adjudication of contempt is scheduled for December 8, 2009, and a number of documents have been filed according to this Court's Pretrial Order of September 30, 2009 (Doc. No. 79), following a hearing on September 28, 2009, at which HNB participated through its counsel. Until October 28, 2009, in its Memorandum in Opposition to Martik's Motion for Contempt and Attorneys Fees against Huntington (Doc. No. 88), HNB had not mentioned allegedly improper service.

[2] The Court granted the pro hac vice motion on July 15, 2009. See Order (Doc. No. 39).

Accordingly,

The Huntington National Bank's Preliminary Objections (Doc. No. 99) to the Writ of Execution of Martik Brothers, Inc. are HEREBY DENIED, and

Martik Brothers, Inc.'s Motion to Strike (Doc. No. 104) is HEREBY GRANTED.

                                          s/ Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:  all counsel of record